IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JULIO CESAR AV CERPAS,**

    Petitioner,

v.                                                                 Civil Action No. **3:22CV798 (RCY)**

**UNITED STATES OF AMERICA,**

    Respondent.

**MEMORANDUM OPINION**

Julio Cesar Av Cerpas, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] Petition ("§ 2241 Petition," ECF No. 5).[2] The matter is before the Court on the Motion to Dismiss (ECF No. 14) filed by Respondent. For the reasons set forth below, the Court will GRANT the Motion to Dismiss, and the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

**I.     PROCEDURAL HISTORY**

Cerpas was convicted and sentenced in the United States District Court for the Northern District of Georgia ("Sentencing Court"). *See Cerpas v. United States*, Nos. 1:07–CR–0279–33–

---

[1] The statute provides, in pertinent part:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless—

    **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

CAP, 1:14–CV–1880–CAP, 2014 WL 3611754, at *1 (N.D. Ga. July 21, 2014). The Sentencing Court explained:

> In March 2009, Movant pled guilty in this case to counts one and twenty of the third superseding indictment. (Docs. 1142, 1160.) Count one charged him with possessing with intent to distribute at least 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846, while count twenty charged him with conspiring to launder money in violation of 18 U.S.C. § 1956(h). (Doc. 811.) The statute applicable to the drug crime imposed a minimum sentence of ten years' imprisonment because Movant admitted when he pled guilty that the conspiracy involved at least five kilograms of cocaine. (Doc. 1318 at 19, 21 (Movant admitting at plea hearing that he participated in a conspiracy involving at least five kilograms of cocaine)); *see* 21 U.S.C. § 841(b)(1)(A)(viii). That statute imposed a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii).
> [By Judgment entered on January 12, 2010, t]he Court imposed concurrent sentences of twenty-five years' imprisonment for the drug crime and twenty years' imprisonment for money laundering. (Doc. 1695.) At the sentencing hearing, the Court made factual findings regarding the drug quantity attributable to Movant that increased the advisory range of imprisonment under the U.S. Sentencing Guidelines (the "Guidelines"). (Doc. 1754 at 94–96 ("[T]he Court finds by a preponderance of the evidence that at least 67 kilos are attributable to the defendant.").)
> The court of appeals affirmed the judgment of conviction in September 2010. *United States v. Cerpas*, 397 F. App'x 524 (11th Cir. 2010). The court of appeals rejected Movant's argument that the Court erred in finding by a preponderance of the evidence that Movant was responsible for over fifty kilograms of cocaine. *Id.* at 526–28. On October 1, 2012, the U.S. Supreme Court denied Movant a writ of certiorari. (Doc. 2025).

*Id.* at *1–2 (second alteration in original); *see* Judgment, *United States v. Cerpas*, No. 1:07–CR–0279–33–CAP (N.D. Ga. Jan. 12, 2010), ECF No. 1695. On June 16, 2014, Cerpas filed a motion to vacate pursuant to 28 U.S.C. § 2255. *Cerpas*, 2014 WL 3611754 at *2. Cerpas argued that "the Court improperly sentenced him based on facts not found beyond a reasonable doubt, thus violating the right recognized in *Alleyne v. United States*, [570 U.S. 99] (2013)." *Id.* The Sentencing Court denied the § 2255 motion because it was untimely under § 2255(f)(1) because *Alleyne* did not apply retroactively to cases on collateral review, and in the alternative, *Alleyne* did not entitle him to any relief because he was sentenced under the Guidelines. *Id.* at *2–4.

In 2016, Cerpas filed a Motion to Reduce Sentence under United States Sentencing Guideline 782. *United States v. Cerpas*, Nos. 1:07–CR–0279–33–CAP, 1:14–CV–1880–CAP, ECF No. 2247. The Sentencing Court determined that under Amendment 782, Cerpas's adjusted base offense level was 39, his criminal history category was II, and the amended guidelines range would be 292–365 months. *Id.* at ECF No. 2262, at 2. The Sentencing Court granted the motion and reduced Cerpas's sentence to 292 months. *Id.*

In his § 2241 Petition, Cerpas raises the following ground for relief:

> Claim One: The Court should "reduce his sentence under Section 401(b)(1) of the 'First Step Act'" because he was sentenced to 25 years and "Section 401(b)(1) changed the law so that a 25-year-sentence would be reduced to a 20-year sentence."

ECF No. 6, at 8. As discussed below, Cerpas fails to demonstrate that he may use § 2241 to obtain relief.

## II.     ANALYSIS

### A. The First Step Act

The First Step Act of 2018 became effective on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Cerpas indicates that he believes that Section 401(b)(1) entitles him to relief. Section 401 modified 21 U.S.C. § 851 and changed both the length of certain mandatory minimum penalties and the types of prior offenses that can trigger enhanced penalties. *See United States v. Day*, 474 F. Supp. 3d 790, 795–96 (E.D. Va. 2020). Prior to the First Step Act, for a 21 U.S.C. § 841(b)(1)(A) conviction, a defendant faced a ten-year mandatory minimum sentence, or an enhanced twenty-year minimum applied if the defendant had one prior conviction for a felony drug offense. *See id.* n.8. After the First Step Act, the enhanced fifteen-year mandatory minimum applies if the defendant has a prior conviction for a "serious drug felony" or "serious violent felony." 132 Stat. at 5220, § 401(a)(1); *see Day*, 474 F. Supp. 2d at 796 n.8.

3

However, the First Step Act provides that these changes "shall only apply to any offense that was committed before the date of enactment of [the First Step] Act, if a sentence for that offense has not been imposed as of such date of enactment," which was December 21, 2018. 132 Stat. at 5221, § 401(c). Thus, these changes are not retroactive.

**B. Law Governing § 2241 Petitions**

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)).

An inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). Until recently, the test in the Fourth Circuit for the availability of proceeding via the savings clause was as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[3] "This 'inadequate and ineffective' exception [found in 28 U.S.C. § 2255(e)] is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

4

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). However, on June 22, 2023, the United States Supreme Court held in *Jones v. Hendrix* that the "limitation on second or successive motions [does not] make[] § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." 599 U.S. 465, 470 (2023).

> In *Jones*, the Supreme Court explained:
>
> We now hold that the saving[s] clause does not authorize such an end-run around [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied. Even more directly, § 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of *constitutional* law" implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the word "constitutional," it easily could have done so . . . .
> . . . .
> Here, as often is the case, the best interpretation is the straightforward one. Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving[s] clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Jones*, 599 U.S. at 477–80 (citations omitted) (emphasis in original). Thus, it appears that *In re Jones* has been abrogated.[4]

### C. This Court Lacks Jurisdiction Over Cerpas's Claim

Little discussion is needed here because the Court lacks jurisdiction over Cerpas's claim. Cerpas baldly contends that the Court should reduce his sentence under the First Step Act and argues that "[t]he 'First Step Act' through Section 401(b)(1) changed the law so that a 25 year

---

[4] With respect to inmates challenging their sentence via § 2241, the Fourth Circuit further expanded the *In re Jones* savings clause test in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). However, because *Wheeler* built upon *In re Jones*, it appears that *Jones v. Hendrix* likewise abrogated *Wheeler*.

sentence would be reduced to a 20 year sentence." Mot. at 8.[5] Throughout his § 2241 Petition, Cerpas argues that "[t]he 'Savings Clause'" provides him a procedural vehicle for relief. However, because the First Step Act is a statute altering sentences and is not constitutional law, Cerpas certainly cannot satisfy § 2255(h). Moreover, the relief that Cerpas seeks is properly raised in a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(B) in the Sentencing Court. *See Parker v. Barnes*, No. 2:20–cv–04183-HMH-MGB, 2021 WL 682308, *4 (D.S.C. Jan. 28, 2021) (explaining that the First Step Act authorizes only the district court "that imposed a sentence for a covered offense" to impose a reduced sentence under this section (citing First Step Act § 404(b), 132 Stat. at 5222; *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019); *Patton v. Saad*, No. 1:17-cv-00186, 202 WL 1330351, at * 2 (N.D.W. Va. Mar. 23, 2020))), *R & R adopted by* 2021 WL 678674, at *1 (D.S.C. Feb. 22, 2021), *aff'd* 858 F. App'x 689 (4th Cir. 2021). In sum, Cerpas fails to satisfy the savings clause. Accordingly, Cerpas cannot proceed under 28 U.S.C. § 2241. *See Sanders v. M. Joseph*, 72 F.4th 822, 825 (7th Cir. 2023) (explaining that under *Jones*, petitioner "cannot bring his statutory claim in a § 2241 habeas petition via the savings clause; indeed, 'he cannot bring it at all'" (quoting *Jones*, 599 U.S. at 480)). The action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.[6]

---

[5] It is also entirely unclear how the First Step Act would entitle Cerpas to any relief. Although Cerpas cites Section 401(b)(1), there is no provision under that section to reduce a mandatory minimum sentence from 25 years to 20 years, which is the relief Cerpas seeks. *See* 132 Stat. 5220; *Day*, 474 F. Supp. 2d at 796 n.8. To the extent that Cerpas is seeking relief under Section 404, that section reduces the mandatory minimum penalties for crack cocaine offenses by allowing the retroactive application of the Fair Sentencing Act of 2010. 132 Stat. at 5222. However, Cerpas was convicted of a powder cocaine, not crack cocaine offense and that section would not apply. Moreover, the First Step Act became effective on December 21, 2018, after Cerpas was sentenced, and therefore the Act would not apply to Cerpas's offense of conviction. *See* 132 Stat. at 5221, § 401(c); *United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020); *cf. United States v. Thomas*, 810 F. App'x 207, 208–09 (4th Cir. 2020) (citation omitted) (concluding that First Step Act § 401 did not apply to defendant who was sentenced before the Act's effective date even though his appeal was pending). Perhaps tellingly, Cerpas has not yet applied for relief under the First Step Act in the Sentencing Court.

[6] Cerpas should file any motion for relief under the First Step Act in the Sentencing Court.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 14) will be GRANTED and Cerpas's § 2241 Petition (ECF No. 5) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Order shall accompany this Memorandum Opinion.

                                                                       /s/  
                                                Roderick C. Young  
Date: July 17, 2024                               United States District Judge  
Richmond, Virginia